IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGINALD NANCE, ET UX.   *
  *
  *
v.   *   Civil No. – JFM-10-2083
  *
BALTIMORE AMERICAN MORTGAGE   *
CORPORATION, ET AL.   *
  ******

OPINION

Plaintiffs filed this action in the Circuit Court for Baltimore City, Maryland, against Baltimore American Mortgage Corporation ("Baltimore American"), HSBC Finance Corporation ("HSBC"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiffs allege that Baltimore American made a loan to them that violated Maryland's Secondary Mortgage Loan Law ("SMLL"), Md. Code Ann., Com. Law §§ 12-401 to 12-415, and that HSBC and MERS are liable to them for violations of the SMLL committed by Baltimore American. HSBC and MERS removed the action to this court. Plaintiffs have filed a motion to remand. The motion will be denied.

Plaintiffs have styled their two claims against the defendants as ones arising under state law: one for violation of the SMLL and the other for knowing violation of the SMLL. However, in an amended complaint Plaintiffs included additional allegations under a heading entitled "Assignee Liability Based Upon HOEPA." On the basis of these new allegations HSBC and MERS filed a notice of removal on the ground that the new allegations created federal question jurisdiction.[1]

Plaintiffs do not argue that the Home Ownership and Equity Protection Act ("HOEPA"),

---

[1] HSBC and MERS also contend that removal was proper based upon this court's bankruptcy court jurisdiction. In light of my ruling that federal question jurisdiction exists, I need not rule upon the bankruptcy jurisdiction issue.

1

15 U.S.C. § 1642(d), creates a federal cause of action. HSBC and MERS agree that it does not. HSBC and MERS contend, however, that although Plaintiffs have formally asserted only state law claims under the SMLL, Plaintiffs' claims against them as assignees necessarily are predicated upon the provision of HOEPA cited by Plaintiffs in the amended complaint.

In an opinion I am issuing today in related cases that were also removed, *see Fulmore v. Premier Fin. Corp.*, No. 1:09-cv-02028, I find that the SMLL does not impose liability upon assignees such as HSBC and MERS. In the same opinion I also rule that HOEPA does not provide any basis for imposing affirmative liability upon assignees for alleged violations of the SMLL committed by originating lenders. I was not required in the *Fulmore* opinion to decide (as I must decide here) whether a plaintiff's reference to HOEPA in a case such as this confers federal question jurisdiction upon this court.

I now hold that it does. The relevant section of HOEPA provides that "[a]ny person who purchases or is otherwise assigned a mortgage referred to in section 1602(aa) of this title shall be subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage." 15 U.S.C. § 1641(d)(1). For the reasons stated in my opinion in *Fulmore*, I find that this language does not subject an assignee to affirmative liability for misconduct of the assignor because the word "claims" only refers to claims for recoupment (and, in some states, setoff) that would reduce or eliminate the obligor's indebtedness under the mortgage. Arguably, my conclusion is incorrect, and perhaps the Fourth Circuit reach a different conclusion on appeal. That, however, is not the issue here. For the reasons stated in *Fulmore*, under Maryland law, an assignee has no affirmative liability (under the SMLL or otherwise) to an obligor for an assignor's misconduct. Thus, if any such liability exists, it exists only under HOEPA, and the interpretation of the relevant HOEPA provision lies at the heart of Plaintiffs'

claim. This is wholly sufficient to establish federal question jurisdiction and make removal of this action proper. *See generally Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983); *Grable & Sons Med. Prods., Inc. v. Darue Eng'g & Mfg. Co.,* 545 U.S. 308, 312–14 (2005).

In seeking remand Plaintiffs rely upon *Vandenbroeck v. Contimortgage Corp.*, 53 F. Supp. 2d 965 (W.D. Mich. 1999). I agree with the conclusion reached in *Vandenbroeck*, that "the unmistakable effect of § 1641(d)(1) is simply to eliminate the holder-in-due course [*sic*] defense for certain high-cost mortgages." *Id*. at 968. Indeed, I have cited *Vandenbroeck* favorably on this issue in the opinion I am issuing in *Fulmore*. I disagree with the court's conclusion in *Vandenbroeck*, however, that it follows that federal question jurisdiction is lacking in cases where § 1641(d)(1) is pivotal to a plaintiff's claim. In the *Vandenbroeck*'s court view, "§ 1641(d)(1) does not bestow any new rights upon the borrower; rather, it eliminates the holder-in-due-course defense." *Id.* While ultimately that is true, Plaintiffs' claims against HSBC and MERS necessarily raise the question whether § 1641(d)(1) bestows rights upon them because they possess no claim against HSBC and MERS under Maryland law. In effect, Plaintiffs seek to use HOEPA to extend the claims they have against Baltimore American to create claims they would not otherwise have against HSBC and MERS. In my view, that maneuver raises a federal question regardless of whether it is successful. As I have stated in my opinion in *Fulmore*, "[i]t seems clear to me that if a plaintiff has a cause of action against Defendant *A* but not against Defendant *B* under state law and then purportedly obtains a cause of action against Defendant *B* solely as the result of a federal statute, at minimum the plaintiff's well-pleaded complaint must raise a federal question." No. 1:09-cv-02028, slip op. at 10.

In addition, I am today issuing an opinion finding that the plaintiffs in *Fulmore* and related cases have no viable claim against entities situated in precisely the same circumstances as HSBC and MERS. Accordingly, I will, after conferring with counsel, enter an order dismissing the claims asserted by plaintiff against them.


Date:  October 29, 2010            /s/
                                    J. Frederick Motz
                                    United States District Judge